MIR & BEN, PLAINTIFFS AND APPELLANTS, v. SEGUROLA,
DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action
of Debt.

No. 3066.—Decided December 17, 1923.

JUDGMENT—AMBIGUITY.—It is no ground for the reversal of a judgment wherein
the judge recited the facts of the case and the grounds on which it was based
that such recital is in somewhat ambiguous language, if the dispositive part
of the judgment is clear and supported by the pleadings and the evidence.

The facts are stated in the opinion.

*Mr. A. P. Rodríguez* for the appellants.

*Mr. C. J. Torres* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

Mir & Ben brought this action against Agustín Segurola
to recover $400. It was alleged that the defendant had
signed a promissory note acknowledging the debt. Segu-
rola admitted the note in his answer, but alleged that the
debt arose from the assignment of certain motion-picture
films to be exhibited exclusively in Venezuela and that the
contract made to that effect had been violated by the plain-
tiffs, causing the defendant damages in the sum of $500.

The case was tried in the municipal court and decided
against the plaintiffs. They appealed and after a trial *de
novo* in the district court it was adjudged that the defendant
should pay to the plaintiffs the $400 sued for and the plain-
tiffs should pay to the defendant $412 as damages.

The plaintiffs appealed to this court and assigned in
their brief that in their opinion the court erred in sustaining
the counter-complaint.

In discussing this assignment of error the appellants
refer only to a certain paragraph of the "judgment" of the
court from which it is deduced that the court was not in a
position to determine the amount of the damages.

The court said:

"From the evidence introduced the court finds that although it is true that the defendant owes the plaintiffs the sum of $400 evidenced by the promissory note with interest thereon, it is also true· that the plaintiffs exhibited the films in question in violation of their contract with the defendant, causing him damages in the sum of $412, and it has been impossible to determine the specific amount."

The wording of the paragraph is ambiguous. There must have been a clerical error. Perhaps the word *"specific"* should have been "claimed" or "specified" and referred to the complaint. It is not conceivable that the court should say that in view of the evidence examined it was not in a position to fix the amount of the damages, as the appellants maintain, when it actually did fix them at $412, a sum less than the $500 claimed.

The evidence is not included in the transcript. This error may be considered frivolous. The judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.